**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BEVERLY MILLS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CASE NUMBER:** |
| **V.** | ) | |
| | ) | **3:11-CV-00529-MHT-WC** |
| **THE CITY OF PHENIX CITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>DEFENDANT'S REQUESTED JURY CHARGES</u>**

Comes now the Defendant in the above styled cause and requests the Court to deliver the attached charges of law to the jury in this cause.

<div style="margin-left:40%">

*/s/ Chan Gamble*
Chan Gamble (GAM029*)*
Post Office Box 3220
Phenix City, Alabama 36868-3220
(334) 297-2300
chan@mckoonandgamble.com
*Attorney for Defendant*

</div>

**<u>OF COUNSEL:</u>**
JAMES R. McKOON, JR. (MCK020)
Post Office Box 3220
Phenix City, Alabama 36868-3220
(334) 297-2300

JAMES P. GRAHAM, JR. (GRA030)
The Graham Legal Firm
Post Office Box 3380
Phenix City, AL 36868-3380
(334) 291-0315

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BEVERLY MILLS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CASE NUMBER:** |
| **V.** | ) | |
| | ) | **3:11-CV-00529-MHT-WC** |
| **THE CITY OF PHENIX CITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S PROPOSED JURY CHARGES

Comes now the Defendant in the above styled cause and files this Motion:

**DEFENDANT'S REQUESTED JURY CHARGE # 1**

The plaintiff claims that the City of Phenix City, a municipality, is liable for the alleged constitutional deprivations.  A city is liable for the deprivation of a constitutional right if the deprivation was pursuant to governmental custom, policy, ordinance, regulation or decision.  Therefore, if you find that the plaintiff was injured as the proximate or legal result of the City of Phenix City's policy, custom, ordinance, regulation or decision, whether made by its lawmakers or by those officials whose edicts or acts may fairly be said to represent official policy, the city itself will be responsible.

The city council is comprised of officials whose acts constitute final official policy of the City of Phenix City.  Therefore, if you find that the acts of the city council deprived the plaintiff of constitutional rights, the City of Phenix City is liable for such deprivations.

In order to prevail on her § 1983 claim against defendant City of Phenix City, Alabama alleging liability based on an official policy, practice, or custom, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.    The City Council of the City of Phenix City, Alabama acted under color of law;

2.    The acts of the City Council of the City of Phenix City, Alabama deprived the plaintiff of her particular rights under the laws of the State of Alabama and the United States Constitution as explained in later instructions; and

3.    The City Council of the City of Phenix City, Alabama acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the defendant.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.

"Official policy" means a rule or regulation promulgated, adopted, or ratified by the defendant City of Phenix City, Alabama.

"Practice or custom" means any permanent, widespread, well-settled practice or custom that constitutes a standard operating procedure of the defendant City of Phenix City.  A practice or custom can be established by repeated constitutional violations that were not properly investigated and for which the violator was not disciplined, reprimanded or punished.

To prove plaintiff's claim, plaintiff must prove the following four things by a preponderance of the evidence:

**First:** That plaintiff was a non-classified employee of Defendant City of Phenix City;

**Second:** That as a non-classified employee, that she was entitled to a hearing pursuant to the ordinance of the City of Phenix City.

**Third:** That Plaintiff was discharged from that employment;

**Fourth:** That, before Plaintiff's discharge, plaintiff was not given a hearing, told of the reasons for the discharge, or given an opportunity to contest the reasons for plaintiff's discharge; and

**Fifth:** That as a result of the discharge, Plaintiff suffered damage.

_____          GIVEN                    _____ REFUSED

**DEFENDANT'S REQUESTED JURY CHARGE # 2**

Plaintiff accuses Defendant of violating federal law by discharging her. To succeed on this claim, Plaintiff must first prove what is called a *prima facie* case of gender discrimination. To establish a *prima facie* case, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1. That she was a member of a protected group;

2. That she was qualified for the position that she held;

3. That she was discharged; and

4. That similarly-situated male employees were more favorably treated.

If you find that Plaintiff has established each of the elements of a *prima facie* case of gender discrimination, you must consider any legitimate, nondiscriminatory reason or explanation stated by Defendant for its decision.  If you find that Defendant has stated such a reason, then you must decide in favor of Defendant unless Plaintiff proves by a preponderance of the evidence that Defendant's reason was not the true reason, but is only a pretext or excuse for discriminating against Plaintiff because of her gender.

Plaintiff may prove pretext directly by persuading you by a preponderance of the evidence that her gender was more likely the reason for the Defendant's decision than the reason stated by Defendant.

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143-149 (2000).

For the purposes of this jury instruction, Plaintiff must show that she was qualified for the position.  To do so, Plaintiff must show that her work was sufficient in either quality or quantity to meet Defendant's legitimate expectations. That is Defendant must show that her work was adequate to meet the expectations of her employer.  If you find that Plaintiff did not meet Defendant's legitimate expectations, then you must return a verdict for Defendant.

The Plaintiff has asserted that she was treated differently than other male employees under similar circumstances.  In order for Plaintiff to establish a *prima facie* case of gender discrimination, she  must prove that she was treated worse than "similarly situated" co-workers. In order to be "similarly situated," Plaintiff must prove that she and the employees with whom she seeks to compare herself must have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or their employer's treatment of them for it. The other employees should have worked with the same supervisor, have been subjected to the same standards and have engaged in the same conduct. If you find that Plaintiff has not proven by a preponderance of the evidence all four of the factors that make up the *prima facie* case, then you should return a verdict in favor of Defendant

*Davis v. City of Phila. Water Dep't*, 57 Fed. Appx. 90, 92 (3d Cir. 2003).

If you find that Plaintiff has made out a prima facie case of discrimination, you must next consider whether Defendant has stated a legitimate, nondiscriminatory reason for its decision to discharge Plaintiff. A legitimate, nondiscriminatory reason is any reason or explanation unrelated to Plaintiff's protected status.  In considering the legitimate, nondiscriminatory reason stated by Defendant, it is not your role to second guess Defendant's business judgment.  Standing alone,

honest errors in business judgment do not establish discrimination.  Even if Plaintiff were able to prove that Defendant's decision was neither fair nor wise nor professionally handled, that would not be enough for a finding of intentional discrimination.

*Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 986 (1988).

If you find in the Plaintiff's favor with respect to each of the facts that the Plaintiff must prove, you must then decide whether the Defendant has shown by a preponderance of the evidence that the Plaintiff would have been dismissed for other reasons even in absence of consideration of the Plaintiff's gender. If you find that the Plaintiff would have been dismissed for reasons apart from the Plaintiff's gender, then you will make that finding in your verdict.

You should be mindful that the City contends that Plaintiff was a classified employee, and as such was what is known as an at-will employee and not entitled to any hearing before termination by the City.  If you determine that Plaintiff was a classified employee the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's gender.  So far as you are concerned in this case, an employer may discharge or refuse to promote an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendant even though you personally may not favor the action taken and would have acted differently under the circumstances. Neither does the law require an employer to extend any special or favorable treatment to employees because of their gender

If you find for the Plaintiff and against the defendant on its defense, you must then decide the issue of the Plaintiff's damages:

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all the Plaintiff's damages, no more and no less.  Compensatory damages are not allowed as punishment and must not be imposed or increased to penalize the Defendant.  Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury—tangible and intangible.  Thus, no evidence of the value of such intangible things as emotional and mental anguish has been or need to be introduced.  In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage.  There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a)         Net lost wages and benefits to the date of trial;

(b)         Emotional pain and mental anguish.

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages—that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of evidence that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the

7

Plaintiff's damages by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.

Pattern Jury Instructions, Eleventh Circuit (2005), § 1.2.1

_____          GIVEN                    _____ REFUSED

**DEFENDANT'S REQUESTED JURY CHARGE # 7**

In this case, the Plaintiff makes a claim under the Federal Civil Rights statute that prohibits employers from discriminating against employees in the terms and conditions of their employment because of the employee's gender.  More specifically, the Plaintiff claims that she was discharged by the Defendant because of the Plaintiff's gender. Defendant Phenix City, Alabama denies violating Plaintiff's Constitutional rights in any way and asserts that plaintiff Beverly Mills was disciplined for the negligent performance of her job duties and violating the City's Merit System Rules and Regulations.  Defendant claims that Mills was not disciplined any differently than any other employee, but instead was disciplined for the direct violation of the City's rules and regulations and for the negligent performance of her job. Defendant claims that Plaintiff, Beverly Mills, should have been more diligent in the performance of her work duties.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

**First:** That the Plaintiff was discharged from employment by the Defendant; and

**Second:** That the Plaintiff's gender was a substantial or motivating factor that prompted the Defendant to take that action.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

8

.

On the other hand, it is not necessary for the Plaintiff to prove that the Plaintiff's gender was the sole or exclusive reason for the Defendant's decision.  It is sufficient if the Plaintiff proves that gender was a determinative consideration that made a difference in the Defendant's decision.

**DEFENDANT'S REQUESTED JURY CHARGE # 8**

Pattern Jury Instructions, Eleventh Circuit (2005), § 1.1.3 (amended).

_____   GIVEN                    _____ REFUSED

**DEFENDANT'S REQUESTED JURY CHARGE #9**

If you find that the Plaintiff, Beverly Mills, performed her duties in a negligent manner then your verdict must be for the Defendants.

_____   GIVEN                    _____ REFUSED

**DEFENDANT'S REQUESTED JURY CHARGE # 10**

_____   GIVEN                    _____ REFUSED

**DEFENDANT'S REQUESTED JURY CHARGE # 11**

_____   GIVEN                    _____ REFUSED

**DEFENDANT'S REQUESTED JURY CHARGE # 12**

_____   GIVEN                    _____ REFUSED

**DEFENDANT'S REQUESTED JURY CHARGE # 13**

In this case, it is the responsibility of the Plaintiff to prove every essential part of the Plaintiff's claim by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendants as to that claim.

Pattern Jury Instructions, Eleventh Circuit (2000), Basic Instructions § 6.1

_____        GIVEN            _____ REFUSED

**DEFENDANT'S REQUESTED JURY CHARGE # 14**

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which he has testified, and whether the witness impresses you as having an accurate recollection of these matters.  Consider

10

also any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.  Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.  In short, you may accept or reject the testimony of any witness in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Federal Jury Practice and Instructions, § 105.01

_____          GIVEN                    _____ REFUSED

**DEFENDANT'S REQUESTED JURY CHARGE # 15**

Generally speaking, there are two types of evidence that are generally presented during a trial-direct evidence and circumstantial evidence.  "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  "Indirect or

circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or non-existence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence.  You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

Federal Jury Practice and Instructions, § 104.05

_____          GIVEN                    _____ REFUSED

**DEFENDANT'S REQUESTED JURY CHARGE # 16**

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision, you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness' testimony differ from other testimony or other evidence?

Pattern Jury Instructions, Eleventh Circuit (2000), Basic Instructions § 3

_____          GIVEN                    _____ REFUSED

**DEFENDANT'S REQUESTED JURY CHARGE # 17**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.      An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Federal Jury Practices and Instructions, § 105.04

_____          GIVEN                    _____ REFUSED


**DEFENDANT'S REQUESTED JURY CHARGE # 18**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Federal Jury Practices and Instructions, § 105.11

_____          GIVEN                    _____ REFUSED

**DEFENDANT'S REQUESTED JURY CHARGE # 19**

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

In your deliberations, you should consider only the evidence – that is, the testimony of the witnesses and the exhibits I have admitted in the record – but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions, which reason and common sense lead you to make.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as eyewitness.  "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case.  And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts.  It is your own recollection and interpretation of the evidence that controls.

Pattern Jury Instructions, Eleventh Circuit (2000) § 2.1

_____          GIVEN                    _____ REFUSED

**DEFENDANT'S REQUESTED JURY CHARGE # 20**

Ladies and Gentlemen of the jury, the court will now instruct you on the law of damages. The burden is on the Plaintiff to reasonably satisfy you from the evidence of the truthfulness of his claim.  If after a consideration of all of the evidence in this case, you are not reasonably satisfied of the truthfulness of the Plaintiff's claim, your verdict should be for the Defendants.  In this event, you would go no further.  This would end your deliberations.  On the other hand, if after a consideration of all the evidence in the case you are reasonably satisfied of the

truthfulness of the Plaintiff's claim, your verdict should be for the Plaintiff. In this event, it will

be necessary for you to arrive at an amount to be awarded in the verdict from which I will read to

you and describe later in my charge.  I now give you the following rules of law to assist you in

your deliberations in arriving at an amount in the event you find for the Plaintiff.  Plaintiff makes

two statements of his claim.  By these statements, he claims compensatory and punitive

damages.

Alabama Pattern Jury Instructions, § 11.00

_____                    GIVEN                              _____    REFUSED

**DEFENDANT'S REQUESTED JURY CHARGE # 21**

   If you find that the Defendants are liable to Plaintiff then you must determine an amount

that is fair compensation for the Plaintiff's damages.  These damages are called compensatory

damages.  The purpose of compensatory damages is to make the Plaintiff whole – that is, to

compensate the Plaintiff for the damages that the Plaintiff has suffered.

   You may award compensatory damages only for injuries that the Plaintiff prove were

proximately caused by the DEFENDANT'S allegedly wrongful conduct.  The damages that you

award must be fair compensation for the Plaintiff's damages, no more and no less.  Damages are

not allowed as a punishment and cannot be imposed or increased to penalize the Defendants.

You should not award compensatory damages for speculative injuries, but only for those injuries

which the Plaintiff has actually suffered or that the Plaintiff is reasonably likely to suffer in the

future.

   If you decide to award compensatory damages, you should be guided by dispassionate

common sense.  Computing damages may be difficult, but you must not let that difficulty lead

you to engage in arbitrary guesswork.  On the other hand, the law does not require that the

Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

Federal Jury Practices and Instructions, § 128.01

_____   GIVEN                    _____ REFUSED

**DEFENDANT'S REQUESTED JURY CHARGE # 22**

Damages must be reasonable.  If you should find that the Plaintiff is entitled to a verdict, you may award the Plaintiff only such damages as will reasonably compensate Plaintiff for such injury and damage as you find, from a preponderance of the evidence in the case that Plaintiff has sustained as a proximate result of the incident.

You are not permitted to award speculative damages.  So, you are not to include in any verdict compensation for any prospective loss that, although possible, is not reasonably certain to occur in the future.

Federal Jury Practices and Instructions, § 128.60

_____   GIVEN                    _____ REFUSED

**DEFENDANT'S REQUESTED JURY CHARGE # 23**

You are not to award damages for any injury or condition from which Plaintiff may have suffered, or may now be suffering, unless it has been established by a preponderance of the evidence in the case that such injury or condition was proximately [legally] caused by the incident in question.

Federal Jury Practices and Instructions, § 128.70

_____   GIVEN                    _____ REFUSED

**DEFENDANT'S REQUESTED JURY CHARGE # 24**

If you find for the Plaintiff you must not take into account any consideration of attorneys' fees or court costs in deciding the amount of Plaintiff's damages.

Pattern Jury Instructions, Eleventh Circuit (2000), Supplemental

Damages Instructions § 6.1

_____     GIVEN                    _____ REFUSED

**DEFENDANT'S REQUESTED JURY CHARGE # 25**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your hones beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

Pattern Jury Instructions, Eleventh Circuit (2000), Basic Instructions § 7.1

_____     GIVEN                    _____ REFUSED

**DEFENDANT'S REQUESTED JURY CHARGE # 26**

Upon retiring to the jury room, you will select one of you to act as your foreperson. The foreperson will preside over deliberations, and will be your spokesperson in Court. A form of special verdict and a form of general verdict have been prepared for your convenience. You will take these forms to the jury room. I direct your attention first to the form of special verdict [Form of special verdict read.]

After you have completed your findings as called for by the questions set forth on the special verdict, you will then consider your general verdict, forms of which have been prepared for your convenience. [Read General Verdict Form.]

When you have reached unanimous agreement as to your general verdict, you will have your foreperson fill in, date, and sign the form setting forth the verdict upon which you unanimously agree. You will then return with both the completed special verdict and the completed general verdict to the courtroom.

Federal Jury Practices and Instructions, § 106.06

_____        GIVEN                     _____ REFUSED

Respectfully submitted this 9th day of July, 2012.

*/s/ Chan Gamble*
Chan Gamble (GAM029*)*
Post Office Box 3220
Phenix City, Alabama 36868-3220
(334) 297-2300
chan@mckoonandgamble.com
*Attorney for Defendant*

18

**OF COUNSEL:**
JAMES R. MCKOON, JR. (MCK020)
Post Office Box 3220
Phenix City, Alabama 36868-3220
(334) 297-2300

JAMES P. GRAHAM, JR. (GRA030)
The Graham Legal Firm
Post Office Box 3380
Phenix City, AL 36868-3380
(334) 291-0315

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing was served on the following attorney(s), by e-file on this 9th day of July, 2012:

Raymond Jackson, Esq.
Speakman & Jackson, LLC
108 North Dean Road
Auburn, Alabama  36830

This 9th day of July, 2012.

*/s/ Chan Gamble*
OF COUNSEL