# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| BEVERLY MILLS, ) | |
| ) | Case Number: |
|    Plaintiff, ) | |
| ) | 3:11-cv-529-MHT |
| vs. ) | |
| ) | |
| CITY OF PHENIX CITY, ALABAMA, ) | |
| ) | |
|    Defendant. ) | |

## DEFENDANT'S REQUESTED JURY CHARGES

Comes now Plaintiff Beverly Mills in the above styled cause and requests the Court to deliver the attached charges of law to the jury in this cause.

Respectfully submitted this 9th day JULY, 2012.

*S/Raymond L. Jackson, Jr./*
Raymond L. Jackson, Jr. (JAC054)
Speakman & Jackson, L.L.C.
P. O. Box 3575
Auburn, Alabama  36831-3575
(334) 821-0091
(334) 821-0508 (fax)
Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I certify that on this the 9th day of JULY 2012 a copy of the foregoing pleading or document was served upon all Counsel of record via electronic filing system and/or by placing said document in first class U.S. Mail to the addresses shown below:

James R. McKoon, Jr., Esq.
Chan Gamble, Esq.
McKoon and Associates
P.O. Box 3220
Phenix City, AL 36868-3220

James P. Graham, Jr., Esq.
The Graham Law Firm
P.O. Box 3380
Phenix City, Alabama 36868-3380

*S/Raymond L. Jackson, Jr./*
Raymond L. Jackson, Jr. (JAC054)
Speakman & Jackson, L.L.C.
P. O. Box 3575
Auburn, Alabama 36831-3575
(334) 821-0091
(334) 821-0508 (fax)
Attorney for Plaintiff

# PLAINTIFF'S PROPOSED JURY CHARGE NO. 1
## (Title VII claim)

In this case the Plaintiff makes a claim under the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of their employment because of the employee's gender.

More specifically, the Plaintiff claims that she was repeatedly disciplined and later discharged from her employment by the Defendant because of the Plaintiff's sex or gender. She asserts that she was treated more harshly in discipline and later in her termination than similarly situated male employees.

The Defendant denies that the Plaintiff was discriminated against in any way on the basis of her gender and asserts that gender did not play any role in its decisions to discipline Plaintiff or in its decision to later terminate Plaintiff from her employment.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First: That the Plaintiff was disciplined and/or discharged from employment by the Defendant; and

Second: That the Plaintiff's sex or gender was a substantial or motivating factor that prompted the Defendant to take that one or more adverse employment action against Plaintiff.

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's sex or gender. So far as you are concerned in this case, an employer may discipline and/or discharge an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendant even though you personally may not favor the action taken and would have acted differently under the circumstances. Neither does the law require an employer to extend any special or favorable treatment to employees because of their sex or gender.

On the other hand, it is not necessary for the Plaintiff to prove that the Plaintiff's sex or gender was the sole or exclusive reason for the Defendant's

decision. It is sufficient if the Plaintiff proves that sex or gender was a determinative consideration that made a difference in the Defendant's decision.

If you find in the Plaintiff's favor with respect to each of the facts that the Plaintiff must prove, you must then decide whether the Defendant has shown by a preponderance of the evidence that the Plaintiff would have been subject to the adverse employment action for other reasons even in the absence of consideration of the Plaintiff's sex or gender. If you find that the Plaintiff would have been disciplined and dismissed for reasons apart from the Plaintiff's sex or gender, then you will make that finding in favor of Defendant in your verdict.

If you find for the Plaintiff and against the Defendant on its defense, you must then decide the issue of the Plaintiff's damages:

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury - - tangible and intangible. Thus, no evidence of the value of such intangible things as emotional and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a) Net lost wages and benefits to the date of trial;
(b) Emotional pain and mental anguish.

_____ GIVEN          _____ REFUSED

Pattern Jury Instructions, Eleventh Circuit (2005), § 1.2.1

# PLAINTIFF'S PROPOSED JURY CHARGE NO. 2
## (42 U.S.C. § 1983 --Due Process claim)

In this case the Plaintiff claims that officials of the Defendant Phenix City, while acting "under color" of state law, intentionally deprived the Plaintiff of the Plaintiff's rights under the Constitution of the United States.

Specifically, the Plaintiff claims that officials of the Defendant Phenix City acting under color of authority of the State of Alabama intentionally violated the Plaintiff's constitutional rights under the Fourteenth Amendment to the Constitution when the Defendant disciplined and later discharged the Plaintiff from employment without affording a hearing to Plaintiff.

The Defendant denies that it violated the Plaintiff's Due Process rights in any way, and asserts that Plaintiff was an at-will employee who was not entitled to a hearing prior to discipline or termination.

Plaintiff asserts that she should not be considered an "at will" employee because she was not categorized as such when she was initially hired. Furthermore, Plaintiff asserts that the City repeatedly gave her written notices that she was entitled to Due Process hearings.

The law further provides that a person may sue in this Court for an award of money damages against anyone who, "under color" of any state law or custom, intentionally violates the Plaintiff's rights under the Constitution of the United States. In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

> First: That the actions of the Defendant were "under color" of the authority of the State;
>
> Second: That the Plaintiff was not an at will employee;
>
> Third: That Defendant discharged the Plaintiff from employment without affording a hearing to her; and
>
> Fourth: That the Defendant's acts were the proximate or legal cause of damages sustained by the Plaintiff.

A state or local official acts "under color" of the authority of the state not only when the official acts within the limits of lawful authority, but also when the official acts without authority or beyond the bounds of lawful authority. In order for unlawful acts of an official to be done "under color" of state law, however, the unlawful acts must be done while the official is purporting or pretending to act in the performance of official duty; that is, the unlawful acts must be an abuse or misuse of power which is possessed by the official only because of the position held by the official.

Finally, for damages to be the proximate or legal result of wrongful conduct, it must be shown that, except for such conduct, the damages would not have occurred.

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury - - tangible and intangible. Thus, no evidence of the value of such intangible things as emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:
    (a) Net lost wages and benefits to the date of trial;
    (b) Emotional pain and mental anguish.

_____ GIVEN      _____ REFUSED

Pattern Jury Instructions, Eleventh Circuit (2005), § 1.1.1 (modified)

# PLAINTIFF'S PROPOSED JURY CHARGE NO. 3
## (Due Process claim – pre-termination procedural Due Process)

Due process requires that before a property right is taken away, the person must have notice, a summary of the evidence against her, and a meaningful opportunity to be heard. These are called 'pre-termination procedural due process rights.' The fundamental requirement of pre-termination procedural due process is the opportunity to be heard at a meaningful time in a meaningful manner.

_____ GIVEN          _____ REFUSED


See, *Terry v. City of Vancouver*, 878 F.2d 387 (9th Cir. 1989) (unpublished disposition) (citing *Cleveland Bd. Of Educ. V. Loudermill*, 470 U.S. 532 (1985)).